IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LORAGECAR FIGARO, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-976-O |
| § | (NO. 4:19-CR-115-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Loragecar Figaro, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-115-O, and applicable authorities, finds that the motion should be denied.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 17, 2019, movant was named in a one-count indictment charging him with conspiracy to commit mail theft, in violation of 18 U.S.C. § 371. CR Doc.[1] 14. On April 18, 2019, he was named in a one-count superseding information charging him with possession of stolen mail, in violation of 18 U.S.C. § 1708. CR Doc. 17. On April 22, 2019, movant entered a plea of guilty to the superseding information. CR Doc. 23. He did not have a plea agreement with the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-115-O.

1

government. CR Doc. 46 at 12. He and his attorney signed a waiver of indictment, CR Doc. 21, and a factual resume. CR Doc. 20. That same day, the government filed a notice that, if the court found that movant was entitled to acceptance of responsibility, it moved for him to receive an additional one-level reduction pursuant to U.S.S.G. 3E1.1(b). CR Doc. 25. The presentence investigation report included a two-level and a one-level reduction for acceptance of responsibility. CR Doc. 26, ¶¶ 34, 35. The Court applied the reductions in imposing movant's sentence. CR Doc. 47 at 5; CR Doc. 37. The Court sentenced movant to a term of imprisonment of 57 months. CR Doc. 37. He appealed. CR Doc. 39. His counsel filed an *Anders*[2] brief and was allowed to withdraw. The appeal was dismissed as frivolous. *United States v. Figaro*, 813 F. App'x 971 (5th Cir. 2020).

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. First, he says that the government breached the plea agreement by failing to provide him a three-level reduction pursuant to U.S.S.G. 3E1.1. Second, he says that he received ineffective assistance of counsel because his attorney failed to protect his right to the three-level reduction. Doc. 4 at 7.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

2

jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

As the government points out, movant's first ground is procedurally defaulted as he failed to raise it on appeal. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Movant has made no attempt to show cause and prejudice. *Shaid*, 937 F.2d at 232. He could not prevail in any event, as the record reflects that there was no plea agreement. CR Doc 46 at 12. And, movant received the three-level reduction. CR Doc. 37; CR Doc. 47.

As for the second ground, movant cannot show that his counsel was ineffective because movant received the three-level reduction the basis of his complaint.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of February, 2022.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4